IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.                                                                   Criminal No. 2:15cr163

WILLIAM THOMAS DUNCAN, JR.,

    Defendant.

## MOTION FOR DOWNWARD DEPARTURE

NOW COMES the Defendant, William Thomas Duncan, Jr., by and through counsel, Adam M. Carroll and Stephen P. Pfeiffer, pursuant to paragraph 11 of the Sentencing Procedures Order entered by this Court, and does hereby move this Court for a downward departure of his sentence as stated in particularity below.

## Introduction

"It is important to realize that departures are an important part of the sentencing process because they offer the opportunity to ameliorate, at least in some aspects, the rigidity of the Guidelines themselves. District judges, therefore, need not shrink from utilizing departures when the opportunity presents itself and when circumstances require such action to bring about a fair and reasonable sentence." United States v. Gaskill, 991 F.2d 82, 86 (3rd Cir. 1993).

Mr. Duncan stands before this court at the age of forty-two. According to the Presentence Investigation Report ("PSR"), Mr. Duncan provides some financial support for his mother in Virginia Beach, Virginia. At initial glance, it appears as Mr. Duncan has a life of luxury, but it is important to recognize that he was not always a wealthy man. Mr. Duncan was raised mainly in Norfolk and Virginia Beach, Virginia with the exception of a limited time when he lived in Lynchburg, Virginia as a young teenager. He was raised in a home with both his mother and father

until they separated when he was 14 and eventually divorced when he was 17. After his parents' divorce, he resided with his mother but remained in close contact with his father and sister. Mr. Duncan attended and graduated high school and attended college but did not graduate with a degree. Mr. Duncan did obtain a pilot's license in 2008.

The PSR details the success of his personal life and business well. What may not be so readily apparent, although referenced in paragraph 66 of the PSR, is that, as a result of his arrest and detention his business has suffered greatly due to the bad press including allegations of inferred sexual deviancy. Should the business be shut down, it will force Mr. Duncan to start over.

Mr. Duncan requests the Court and Government counsel to consider that unlike most offenders who appear for sentencing he is not one who comes with a long and documented criminal past. In fact, Mr. Duncan has no other criminal history.

## MOTION PURSUANT TO USSG § 5K2.20

Pursuant to USSG 5K2.20, a downward departure is allowed in an "exceptional" case if it meets specific requirements (see subsection (b)) and is not otherwise prohibited (see subsection (c)). A defendant may be eligible if he "committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life." *Id.* "A single occurrence or transaction of aberrant behavior suggests a 'spontaneous and seemingly thoughtless act[ion]'" *United States v. Hillyer*, 457 F.3d 347 (4th Cir. N.C. 2006) quoting, *United States v. Glick*, 946 F.2d 335, 338 (4th Cir. Md. 1991), but it is not constrained to a single act or event. USSG Appendix C, Vol. II, Amendment 603 (2003). In determining whether the court should depart on the basis of aberrant behavior, the court may consider the defendant's (A) mental and emotional conditions; (B) employment record; (C) record of prior

good works; (D) motivation for committing the offense; and (E) efforts to mitigate the effects of the offense. USSG 5K2.20 cmt. n.3.

    1. <u>Single Criminal Occurrence or Single Criminal Transaction:</u>

The USSG does not define "Single Criminal Occurrence or Single Criminal Transaction" in the Application Notes of 5K2.20. Accordingly, prior to 2003, there was wide circuit conflict regarding whether, for purposes of downward departure, a "single act of aberrant behavior" included multiple acts over a period of time or was more finite. USSG Appendix C, Vol. II, Amendment 603 (2003) (citing cases from across the country applying a range of tests from totality of the circumstances for multiple acts leading to criminal responsibility, to narrower applications requiring a single action). In response to the circuit divide, the Commission amended 5K2.20 to provide guidance to the circuits. The Commission said: "…the amendment defines and describes 'aberrant behavior' more flexibly than the interpretation of existing guideline language followed by the majority of circuits that have allowed a departure for aberrant behavior only in a case involving a single act that was spontaneous and seemingly thoughtless." *Id.* at 74. It described such application as being "overly restrictive" and precluded departures that may be warranted. "For this reason, the Commission attempted to slightly relax the 'single act' rule in some respects, and provide guidance and limitations regarding what can be considered aberrant behavior" *Id.* at 75.

Despite relaxing the requirements, the Commission did not adopt the totality of the circumstances test and noted that was too broad of an analysis. Instead, the Commission provided for a broader range of conduct than just a "single act", but short of circumstantial totality, and now requires an occurrence or transaction completed 1) without significant planning, 2) of limited duration and 3) that represents a market deviation by the defendant from

an otherwise law-abiding life.

Mr. Duncan has plead guilty and accepted responsibly for two counts of aiding and abetting destruction of records which occurred on November 26 and 27, 2015 while he was incarcerated in the Western Tidewater Regional Jail. These offenses were secondary to his arrest for three counts of interstate stalking and were committed immediately after his probable cause hearing and detention hearing. After being ordered detained, Mr. Duncan spoke to his family and friends over the recorded phone lines and aided their concealment, alteration and destruction of records and evidence to impede the investigation of the stalking offenses. On these calls, Mr. Duncan expressed immense frustration and surprise at how he was depicted[1] in the hearings, media and that he did not have access to his counsel (due to the Thanksgiving holiday). What is also evident is that Mr. Duncan continued to talk on the phone at great lengths[2] with his family after November 27, 2016. However, he did not further act illegally with respect to the Government's investigation.

Despite the illicit conversations occurring on two separate days, they were within approximately 24 hours of one another and largely to the same people. *Compare, United States v. Orrega*, 363 F.3d 1093 (2004) (denying departure based on singularity of occurrence when the two conversations were separated by a month). Mr. Duncan gave direction on what he wanted done with particular items and electronic accounts, including providing the same to his counsel, but also indicating that certain items were to be altered, modified, destroyed and/or concealed. The lack of forethought and planning is evident due to his acknowledgment that his attorneys told him *not* to talk on the phone about his case because they are recorded and the jail automated

---

[1]  See ECF 4, Affidavit in support of Application for Issuance of Criminal Complaint which begins with a statement of qualification of Agent Joseph and indicates she is the investigator of crimes involving child exploitation and child pornography along with allegations of "grooming behaviors" exhibited by Mr. Duncan.
[2]  The Government produced 113 recorded calls from the jail; 86 of which were made *after* November 27, 2016.

warning. Yet he still made the comments and gave the direction that incurred criminal responsibility. The facts demonstrate an unsophisticated nature of the underlying criminal activity. Accordingly, Mr. Duncan respectfully submits that his destruction of records convictions are a single criminal occurrence or transaction.

2. <u>Mr. Duncan's conduct represents a marked deviation from an otherwise law abiding life.</u>

In addition to having no criminal history, Mr. Duncan's personal characteristics suggest that he has no inclination towards criminal activity. Mr. Duncan would respectfully submit that the Court might consider, in addition to the isolated and unsophisticated nature of the offense, the following factors recognized by the USSG, which are also supported by the Probation Sentencing Report ("PSR") and the 48 letters submitted to the Court previously under separate cover.

Mr. Duncan is 42 years old and has lead an exemplary life with no criminal experience (in fact he didn't even score a single criminal history point). USSG § 5H1.1 (Age). His age, in conjunction with USSG § 5H1.6, may be relevant in this case since, as is apparent from the letters referenced above, Mr. Duncan enjoys strong support from his family, and his relationship with them, offers powerful motivation to Mr. Duncan to return to his law abiding life without lengthy incarceration. Furthermore, Mr. Duncan's education and vocation, while not ordinarily relevant (see § 5H1.2) may be important to the court's consideration of departure when factored with § 5H1.9 because Mr. Duncan was not dependent on criminal activity for his livelihood.

These USSG factors compliment the 2004 Commission recidivism study[3] and support that not only was Mr. Duncan's criminal conduct out of his past character, but also is not likely

---

[3] Found at: http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2004/200405_Recidivism_Criminal_History.pdf hereafter the "Study"

to be part of his future. That study finds that the older an offender gets, and the lower criminal history points are scored, the less likely an offender is to recidivate. In fact, based on Commission statistics, Duncan is only 3.6% likely to be convicted of a new offense based on his zero criminal history score. Study, Exhibit 4.

Finally, while Mr. Duncan is not able to mitigate the damages of his destruction of records by the payment of restitution or other typical means, he has agreed that as a part of his sentencing that a protective order be entered that reasonably assures government that Duncan will have no contact with the alleged stalking victims. He has also accepted and expressed remorse for his conduct underlying the destruction of records offenses.

## Conclusion

For the reasons stated herein, Mr. Duncan respectfully requests this Court, and Government counsel, to favorably consider his motion for downward departure on the basis that this crime was aberrant to an otherwise law abiding life and to depart downward accordingly.

Respectfully submitted this 4th day of August, 2016,

WILLIAM T. DUNCAN, JR.

BY: _____/s/_____
Adam M. Carroll, Esquire
VSB #68017
E-mail: acarroll@wolriv.com
Stephen P. Pfeiffer, Esq.
VSB # 75306
Email: pfieffer@wolriv.com
Wolcott Rivers Gates
200 Bendix Road, Suite 300
Virginia Beach, VA 23452
Phone: 757/497-6633
Fax: 757/687-3678
*Counsel for Defendant William T. Duncan, Jr.*

CERTIFICATE OF SERVICE

   I hereby certify that on the 4th day of August, 2016, I electronically filed the foregoing Position with Respect to Sentencing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Elizabeth M. Yusi, Esquire
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, VA 23510
*Counsel for the United States of America*


And by email to:

Susan A. Hushour
Sr. U.S. Probation Officer
701 East Broad Street
Richmond, VA 23219
Susan_Hushour@vaep.uscourts.gov


              /s/
              Adam M. Carroll, Esquire
              VSB #68017
              E-mail: acarroll@wolriv.com
              Wolcott Rivers Gates
              301 Bendix Road, Suite 500
              Virginia Beach, VA 23452
              Phone: 757/497-6633
              Fax:  757/687-3678
              *Counsel for Defendant William T. Duncan Jr.*

L:\Document Directory\D\Duncan, William\Federal Charges\@sentencing\@ Downward Departure.docx